STATE EX REL. GRAHAM, APPELLANT, *v.* BOARD OF COMMISSIONERS OF CASCADE COUNTY, RESPONDENT.

[Submitted June 3, 1895. Decided June 10, 1895.]

JUDGMENT AGAINST COUNTY—*How paid—Mandamus.*—Under section 751, Fifth Division Compiled Statutes, providing in effect, that execution shall not issue on a judgment against a county but the same shall be levied and paid by tax or other county charge, mandamus will not lie at the relation of a judgment creditor to compel payment of his judgment which was not recovered until after the levy for that year had been made, but the amount thereof shall be included in the statement of county expenses for the current year and is entitled to payment after the next levy based thereon.

*Appeal from Eighth Judicial District, Cascade County.*

APPLICATION for mandamus to compel payment of a judgment against a county. The writ was denied by BENTON, J. Affirmed.

Statement of the case by the justice delivering the opinion.

Mandamus. Relator applied to the district court for an alternative writ of mandate commanding the board of county commissioners of Cascade county to adjust, settle, audit, and order a warrant drawn for the payment of a judgment duly recovered by relator against defendant in the district court of Cascade county, for $400 and costs, on Nov. 7, 1894. Relator sets forth that repeatedly since said judgment was rendered he has demanded payment and settlement of the same "according to law," but that the defendant refused to pay or settle such judgment; that there are sufficient funds in the road and general funds of the county treasury unappropriated, and out of which the said board can pay said judgment; and that it is the legal duty of the board to pay the same.

The defendant, by answer, denies that there are or were any funds in the treasury of the county at the time of answer (March 29, 1895), unappropriated, as alleged by relator, and

denies that it can lawfully pay said judgement out of the road or general funds, or any other funds, before the regular payment of taxes to the said county before December 1, 1895. In further answer defendant pleads that, in case the judgment is a, valid one, it has imposed on it the duty of levying taxes to pay the same as other county charges are provided for in their payment, under the provisions of section 751, c. 39, div. 5, Comp. St.; that said judgment had no existence prior to November 7, 1894, and then the levy had been made for all charges against said county for that year; that the next levy has yet to come during 1895, and has not been made, nor will the taxes thereunder be paid before the latter part of the year,, and all moneys now in the treasurer's hands have been appropriated for charges against the said county existing prior to the rendition of said judgment, and that under section 751 of the Statutes, defendant has until the levy and collection of said taxes yet to be collected, or until 60 days after the time in which they should be paid, to discharge said judgment, if it is, a valid one.

To this answer a demurrer was filed, general and special. The court overruled the demurrer. Relator declined to plead further, whereupon relator's application for a peremptory writ was denied. Relator appeals.

*F. C. Park* and *B. F. Turner*, for Relator.

Counsel cited:   *State* v. *Commissioners* (Nev.) 35 Pac. 300; *Territory* v. *Commissioners*, 6 Mont. 147; *Alden* v. *Alameda Co.*, 43 Cal. 270; *Johnson* v. *Supervisors*, 65 Cal. 481.

*Henri J. Haskell*, Attorney General, for Respondent.

HUNT, J.—This case turns upon the construction of section 751, div. 5, Compiled Statutes. That section reads as follows: " When a judgment shall be rendered against the board of county commissioners of any county, or against any county officer, in an action prosecuted by or against him in his name of office, when the same shall be paid by the county, no execu-

tion shall issue upon said judgment; but the same shall be levied and paid by tax or other county charges; and when so collected shall be paid by the county treasurer to the proper person to whom the same shall be adjudged, upon the delivery of a proper voucher therefor: provided, that execution may issue on said judgment if payment be not made within 60 days after the time required for the payment of county taxes to the county treasurer, by the proper officers of said county in each year.''

We are of opinion that it was proper for the board of commissioners of the county to decline to pay the judgment until the amount thereof was levied and paid by tax, as other county charges are levied and paid, namely, by levy based upon the amount of property in the county, as returned by the assessor, and a statement of the county expenses for the current year. Where incidental expenses, not especially embraced within the provisions of any particular statute, arise, doubtless they are covered by sums collected in taxes and required to be set apart by the board of commissioners, and known as the contingent or other specific funds of the county. But the payment of a judgment is especially provided for, and the amount thereof should be included in the itemized statement of county expenses for the current year, at the time that the board of commissioners make their annual levy.

This method is plain, adequate, and certainly exclusive, where the funds already collected are necessary to pay the ordinary current expenses of the county. It may not be as speedy in this one instance as relator would like to have it, but it is certain, and the delay is compensated for by the rate of interest the judgment bears.

The policy of the statute is manifest. If large judgments could be paid at once, before levy by tax, by reason of the commissioners not having provided for such emergencies by their levy, the credit of the county might be seriously impaired, and creditors whose claims were for ordinary expenses, contemplated when the levy was made, might be unjustly forced into the lists of deferred creditors by the superior claim of a

judgment creditor, whose warrant or claim might exhaust the cash fund.

The California and Nevada cases cited by appellant are under statutes dissimilar to that of this state.

The defense of no funds in the treasury, except such as are necessary to pay the current expenses of the county for the ensuing year, was properly pleaded. (High on Extraordinary Remedies, § 352.)

The judgment of the district court is affirmed.

*Affirmed.*

PEMBERTON, C. J., and DE WITT, J., concur.